IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID EMMERT, JR. | ) |
| Petitioner, | ) ) ) |
| vs. | ) )  Case No. 21-cv-514-SMY |
| DANIEL SPROUL, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner David Emmert Jr. filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He argues that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his enhanced sentence based on a prior Illinois conviction for criminal sexual assault cannot qualify as a predicate felony under 18 U.S.C. § 2252(b)(2) and should therefore be vacated.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits the court to apply the Rules to habeas corpus actions filed pursuant to 28 U.S.C. § 2241. Without commenting on the merits of Emmert's claim, the Court concludes the Petition survives preliminary review under Rules 1(b) and 4.

Accordingly, Respondent shall answer or otherwise plead on or before March 17, 2023.[1] Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 1(b) of the Rules Governing Section 2241 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the Respondent's answer to the Petition. Therefore, Petitioner's motion for reconsideration the appointment of counsel (Doc. 9) is **DENIED without prejudice** as premature. The Court will remain open to the appointment of counsel in the future.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 17, 2023**

**STACI M. YANDLE**
**United States District Judge**

---

[1] This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.