IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID LEE EMMERT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00514-SMY |
| | ) |
| DANIEL SPROUL, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner David Emmert's Petition for Writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The Government filed a response (Doc. 13), and Emmert filed a reply (Doc. 14). For the following reasons, the Petition is **DENIED**.

## Factual and Procedural Background

David Emmert is currently incarcerated at USP-Marion. In 2014, a federal jury convicted Emmert for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *United States v. Emmert*, No. 3:11-cr-00116-JEG-HCA (S.D. Iowa, Doc. 169). On August 20, 2014, Emmert was sentenced to 240 months' imprisonment. His statutory sentencing range was increased from not more than 10 years to a mandatory minimum sentence of 10 years up to 20 years due to a 1989 conviction for criminal sexual assault under 720 ILCS 5/11-1.20 when he was a juvenile. (Crim. Docs. 197–98). 18 U.S.C. § 2252(b)(2). Emmert filed a direct appeal (Crim. Doc. 200), and the Eighth Circuit affirmed his conviction and sentnce. *United States v. Emmert*, 825 F.3d 906 (8th Cir. 2016).

In 2018, Emmert filed a Petition for Writ of *habeas corpus* pursuant to 28 U.S.C. § 2255, which the district court denied. *Emmert, JR. v. United States of America*, 4:18-cv-00092 (S.D. Iowa Nov. 25, 2019, Doc. 34). Emmert filed a notice of appeal (*Id*., Doc. 38). On April 10, 2020, the Eighth Circuit denied his request for a certificate of appealability (*Id*., Doc. 42).

In the instant § 2241 petition, Emmert argues that his prior state conviction should not enhance his sentencing range for three reasons: (1) he was a minor at the time of the offense; (2) the prior state conviction exceeds the scope of the language in § 2252(b); and (3) his equal protection rights are violated because defendants convicted of sex offenses who are immigrants are treated more leniently.

**Standard of Review**

Generally, petitions for writ of *habeas corpus* under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Therefore, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); s*ee United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly

termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Following *Davenport*, the Seventh Circuit has adopted a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion); (2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

## Discussion

Relevant to Emmert's first claim, the Eighth Circuit affirmed the district court's decision, holding, "the Eighth Amendment does not prohibit the use of a juvenile adjudication as the basis for applying the § 2252(b) sentencing enhancement . . . we conclude that the district court did not err when it considered Emmert's prior conviction for sexual assault in applying the § 2252(b) sentencing enhancement." *Emmert*, 825 F.3d at p. 910. As for his second claim, the Southern District of Iowa concluded "the Illinois statute for criminal sexual assault necessarily 'related to' the statutes listed in § 2252(b)(2), and Emmert was correctly sentenced under that statute." *Emmert v. United States*, No. 4:18-cv-00092-JEG, 2019 WL 11071791, at *5–6 (S.D. Iowa Nov. 25, 2019).

Absent an intervening change of law, a prisoner cannot relitigate matters that were resolved on his direct appeal or § 2255 proceeding in a § 2241 motion. *Roundtree v. Krueger*, 910 F.3d 312 (7th Cir. 2018); *Luedtke v. Lilliard*, No. 24-cv-1197-DWD, 2024 WL 3830426, at *5 n. 2 (S.D. Ill. Aug. 15, 2024). Here, Emmert points to no intervening change of law that would permit the Court to revisit the issues raised in his first two claims.

Emmert next invokes the Equal Protection Clause, positing the following question: "[I]f an immigration defendant can walk free for having a statutory rape conviction, then why would a possession of child pornography defendant with the same or similar prior conviction receive a 10-year mandatory minimum sentence for essentially the same age-based statute?" which violates the right to equal protection of the law (Doc. 1, p. 18). But Emmert does not point to any new statutory interpretation, unavailable at the time of his initial § 2255 motion, that would alter the interpretation of the statutes under which he was convicted. As such, his claim is not cognizable in a § 2241 *habeas* action. *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012).

## Conclusion

For the foregoing reasons, Emmert's Petition is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** September 22, 2024

**STACI M. YANDLE**
**United States District Judge**